UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAYE LAMONTE ELLEBY,

                  Plaintiff,                  9:16-CV-1335
                                                                                (MAD/DEP)

        v.

MARTUCELLO, Supt.; et al.,

                  Defendants.

---

APPEARANCES:                                        OF COUNSEL:

TAYE LAMONTE ELLEBY
14-A-1409
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

HON. ERIC T. SCHNEIDERMAN          HELENA LYNCH, ESQ.
New York Attorney General               Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Pro se plaintiff Taye Lamonte Elleby commenced this civil rights action asserting claims arising during his confinement at Coxsackie Correctional Facility ("Coxsackie C.F."). *See* Dkt. No. 1.[1] In a Decision and Order filed November 30, 2016, the Court denied

---

[1] Plaintiff has been confined at Shawangunk Correctional Facility ("Shawangunk C.F.") since March 2017.  Dkt. No. 14.

plaintiff's application to proceed in forma pauperis in accordance with 28 U.S.C. § 1915(g), because he has three "strikes" and did not demonstrate that he faced "imminent danger of serious physical injury" when he filed his complaint.  *See* Dkt. No. 8 ("November Order") at 3-5.  Plaintiff thereafter paid the full filing fee on March 1, 2017.

Following review of the complaint in accordance with 28 U.S.C. § 1915A(b), defendants were directed to respond to the complaint.  *See* Dkt. No. 15.

Summonses were issued for service of process on the defendants on April 25, 2017.  Dkt. No. 17.  Acknowledgments of service were filed by defendants Martucello and Shanley on May 25, 2017.  Dkt. Nos. 22, 23.  Counsel has appeared on behalf of all defendants.  Dkt. No. 20.

Plaintiff has filed two letter motions which are currently before the Court for consideration.  *See* Dkt. Nos. 18, 19.

## II.   DISCUSSION

### A.   Motion for Injunctive Relief

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014)

(quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher."  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[2]

In his motion, plaintiff appears to restate his claim that he was denied the ability to "study Uniform Commercial Code" in violation of his rights protected under the First Amendment, and improperly disciplined by defendants.  Dkt. No. 18 at 1-3.  Liberally construed, plaintiff also appears to complain that this misconduct is ongoing, and requests that it be enjoined.  *Id.*

Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that his motion must be denied.  While the Court does not condone misconduct of any kind, the Court concludes that plaintiff has not made a showing sufficient to warrant the issuance of any form of judicial relief.  Insofar as plaintiff is complaining that his current efforts to access the law library and otherwise pursue his First Amendment rights are being thwarted, because the individuals involved in and responsible for the conditions of plaintiff's

---

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(2).  In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system.  *See* 18 U.S.C. § 3626(a)(1)(A).

confinement at Shawangunk C.F. are not defendants in this action, his motion must be denied. Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *see also United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, at *1 n.1 (N.D.N.Y. Jun. 25, 2008) (Mordue, C.J.). Construing plaintiff's submission as a further statement of the misconduct complained of in the complaint, it affords no basis for the issuance of injunctive relief, because plaintiff is no longer confined at Coxsackie C.F. "In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). Plaintiff has also failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.

Based upon the foregoing, the Court denies plaintiff's motion for preliminary injunctive relief.

### B.     Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure provides that when a party has failed to plead or otherwise defend "and that failure is shown by affidavit or otherwise," the Clerk must "enter the party's default." Fed. R. Civ. P. 55(a); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (per curiam) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request.").

Upon review of the docket it is clear that defendants are not in default.[3] As noted above, summonses were issued for defendants on April 25, 2017, and defendants have only recently acknowledged service of process. Defendants' response to the complaint is not due until June 15, 2017.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for default judgment against defendants (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: June 2, 2017
      Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] The Court notes, moreover, that because plaintiff failed to request an entry of default by the Clerk of the Court in accordance with Rule 55(a), any motion for default judgment must be denied. *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996).