IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TAYE LAMONTE ELLEBY,

                    Plaintiff,              Civil Action No.
                                            9:16-CV-1335 (MAD/DEP)

          v.

MARTUCELLO, *et al.*,

                    Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

TAYE LAMONTE ELLEBY, *Pro Se*
14-A-1409
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANTS:

ERIC T. SCHNEIDERMAN               HELENA LYNCH, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Taye Lamonte Elleby, a New York State prison inmate, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against the New York State Department of Corrections and Community Supervision ("DOCCS") and two DOCCS employees stationed at the prison facility in which plaintiff was confined at the relevant times. Liberally construed, plaintiff's complaint asserts a violation of his First Amendment right to access the courts based on allegations that defendants denied him access to the law library and other legal resources.

Currently pending before the court is a motion brought by the defendants seeking dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that the motion be granted with leave to replead.

I.    <u>BACKGROUND</u>[1]

Plaintiff is a New York State prison inmate currently being held in the custody of the DOCCS. Dkt. No. 1 at 2. Although he is now confined elsewhere, at the times relevant to this action, plaintiff was incarcerated in

---

[1]    In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's complaint, the contents of which have been accepted as true for purposes of the pending motion. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546 (1964).

the Coxsackie Correctional Facility ("Coxsackie") located in Coxsackie,

New York. *Id.* at 2-3, 6-12.

Plaintiff's complaint alleges that, in or around May and September of

2016, defendants Martucello and Shanley, the Coxsackie Superintendent

and Deputy Superintendent of Security, respectively, denied him access to

a notary, the law library, and the Uniform Commercial Code ("UCC"), and

additionally confiscated a book in plaintiff's possession entitled

*Redemption Manual 4.5*, because plaintiff identifies as an American

Sovereign. Dkt. No. 1 at 6-8, 10. Plaintiff also alleges that he was issued a

misbehavior report and confined in disciplinary housing for disobeying a

direct order after it was discovered that plaintiff possessed "UCC

Documents that was [sic] inside and apart [sic] of the *Redemption Manual*

*4.5*." *Id.* at 7. According to plaintiff, he needed the UCC to pursue a civil

action pending in the Southern District of New York, *Elleby v. Arresting*

*Officers, Judges & D.A., Assistant D.A.'s & Lawyer* ("*Arresting Officers*"),

No. 16-CV-3675 (S.D.N.Y. filed May 17, 2016). *Id.*

Liberally construed, plaintiff's complaint asserts First Amendment

claims against defendants Martucello and Shanley for denying him access

to the courts. *See generally* Dkt. No. 1; *see also* Dkt. No. 15 at 4 (District

Judge Mae A. D'Agostino's decision and order construing plaintiff's

complaint as asserting "claims for the violation of his rights protected under the First Amendment"). As relief, plaintiff seeks money damages and an injunction "bar[ring] prisons from stopping inmates from studying any law[.]" Dkt. No. 1 at 11.

II.   PROCEDURAL HISTORY

        Plaintiff commenced this action on or about November 8, 2016, by the filing of a complaint, accompanied by a motion to proceed in the action *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. In a decision and order dated November 30, 2016, Judge D'Agostino denied plaintiff's IFP application pursuant to 28 U.S.C. § 1915(g), and ordered plaintiff to pay the court's filing fee in full if he wished to proceed in the action. Dkt. No. 8 at 6. Upon receipt of the filing fee on or about March 1, 2017, the court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and issued a decision and order dismissing plaintiff's claims asserted against defendant DOCCS seeking money damages but directing that the action proceed with respect to plaintiff's First Amendment claims.[2] Dkt. No. 15 at 5-6.

---

[2]     Notwithstanding plaintiff's passing reference to the Fifth, Seventh, or Eighth Amendments in his complaint, Dkt. No. 1 at 10, 12, neither the defendants nor I have construed plaintiff's complaint as asserting causes of action under those provisions in light of Judge D'Agostino's decision.

Following service of process, the defendants filed the currently pending motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 25. Plaintiff has since responded in opposition to the motion, Dkt. No. 34, which has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Legal Standard Governing Motions to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading using a standard which, though unexacting, "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation" in order to withstand scrutiny. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). While modest in its requirements, that rule commands

5

that a complaint contain more than mere legal conclusions. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true and draw all inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also Cooper v. Pate*, 378 U.S. 546, 546 (1964); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The tenet that a court must accept as true all of the allegations contained in a complaint does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678.

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge plaintiffs' claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting

6

*Twombly*, 550 U.S. at 570) (alterations omitted).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant, whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action. *Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citation omitted)); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("[W]hen a plaintiff proceeds *pro se*, a court is obliged to construe his pleadings liberally." (quotation marks and alterations omitted)); *Kaminski v. Comm'r of Oneida Cnty. Dep't of Soc. Servs.*, 804 F. Supp. 2d 100, 104 (N.D.N.Y. 2011) (Hurd, J.) ("A pro se complaint must be read liberally.").

> B.    Analysis of Plaintiff's First Amendment Claim

Liberally construed, plaintiff's complaint asserts a denial of court access claim under the First Amendment against defendants DOCCS, Martucello, and Shanley. *See generally* Dkt. No. 1. Defendants contend that plaintiff's claim is subject to dismissal because the complaint fails to allege facts plausibly suggesting either that (1) the defendants acted deliberately or maliciously, or (2) plaintiff suffered any prejudice as a result

of defendants' conduct. Dkt. No. 25-1 at 12-17.

It is well settled that prisoners have a constitutional right to meaningful court access. *Bounds v. Smith*, 430 U.S. 817, 824 (1977); *accord*, *Lewis v. Casey*, 518 U.S. 343, 350 (1996) ("The right that *Bounds* acknowledged was the (already well-established) right of *access to the courts*." (emphasis in original)). This right is implicated when prison officials "actively interfer[e] with inmates' attempts to prepare legal documents, or file them[.]" *Lewis*, 518 U.S. at 350 (citations omitted). A plaintiff asserting a denial of access to courts claim must allege that the defendant was "responsible for actions that hindered his efforts to pursue a legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (quotation marks omitted). To establish a denial of access to courts claim, a plaintiff must satisfy two prongs. First, he must show that the defendant acted deliberately and maliciously. *Davis*, 320 F.3d at 351. Second, plaintiff must demonstrate that he suffered an actual injury. *Id.*; *accord, Whitfield v. Imperatrice*, 477 F. App'x 806, 808 (2d Cir. 2012) ("To succeed on an access-to-court claim, a plaintiff must demonstrate 'actual injury' by proving that the denial of access 'hindered his efforts' to pursue a non-frivolous legal claim.").

In this case, while plaintiff's complaint alleges that he possessed and was studying the UCC because "it pertained to his pending case [in the Southern District of New York]," Dkt. No. 1 at 7, the complaint fails to contain any allegations plausibly suggesting that he suffered an actual injury in *Arresting Officers* following the confiscation of the UCC and/or *Redemption Manual 4.5*, which, according to plaintiff, contained references to the UCC. The court docket in *Arresting Officers* reflects that plaintiff filed his complaint in that action on or about May 17, 2016, and that he later filed an amended complaint as of right on July 7, 2016. *Arresting Officers*, Dkt. Nos. 1, 5. Ultimately, the action was dismissed by Chief District Judge Colleen McMahon "because [plaintiff] sue[d] defendants immune from suit and because the amended complaint [was] frivolous." *Arresting Officers*, Dkt. No. 25 at 6. Because plaintiff's complaint in this case alleges that he possessed the UCC and *Redemption Manual 4.5* while he drafted his complaint in *Arresting Officers*, and because the complaint was *sua sponte* dismissed as frivolous pursuant to 28 U.S.C. § 1915A, it is not clear what injury plaintiff suffered by defendants' confiscation of his legal materials after he submitted his complaint in that action. In other words, assuming the allegations in plaintiff's complaint in this matter are true, plaintiff possessed the UCC and *Redemption Manual*

9

*4.5* at the necessary points in time – when his complaint was drafted and filed – in order to assist him in commencing his civil action in *Arresting Officers*. Plaintiff's complaint in in this case includes no allegations that defendants' confiscation of his legal materials *after* he filed his complaint in *Arresting Officers* caused the dismissal of his complaint or precluded him from pursuing a non-frivolous legal claim in the action. In any event, the docket sheet in *Arresting Officers* reveals that plaintiff timely and appropriately responded to the court's orders, including (1) an order to show cause why his IFP application should not be dismissed; (2) a bar order issued pursuant to 28 U.S.C. § 1915(g); (3) an order directing plaintiff to pay the court's filing fee; and (4) the court's order dismissing the action pursuant to 28 U.S.C. 1915A. *Arresting Officers*, Dkt. Nos. 13, 15, 16, 19-23, 25, 27. Accordingly, because the court can discern no prejudice or actual injury suffered by plaintiff as a result of defendants' confiscation of plaintiff's legal materials or defendants' refusal to grant him access to the law library, I recommend that defendants' motion be granted to the extent it seeks dismissal of plaintiff's access to courts claim.

C.   Claims Asserted Against Defendant DOCCS Seeking
     Injunctive Relief

In his complaint, plaintiff requests the court issue an injunction against defendant DOCCS "bar[ring it] from stopping inmates from studying any law[.]" Dkt. No. 1 at 11. Such a prospective injunction is not permitted against a state or any state agency. *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991). To the extent plaintiff's complaint could be construed as requesting an injunction against the individual defendants, prospective injunctive relief is permitted against a state official only where there is an ongoing constitutional violation. *See, e.g., McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 123 (2d Cir. 2010). Because plaintiff's complaint in this case alleges that defendants Martucello and Shanley violated his First Amendment right to access the court such that it impacted his litigation in another pending lawsuit in the Southern District of New York that has now been dismissed with prejudice, and because plaintiff is no longer incarcerated in Coxsackie and therefore no longer under the supervision of defendants Martucello or Shanley, I find there is no allegation of an ongoing constitutional violation that would support plaintiff's request for a prospective injunction. For these reasons, I recommend that defendants' motion be granted to the extent it seeks dismissal of plaintiff's claims seeking injunctive relief.

11

D.   <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). In this case, although the court is skeptical that plaintiff can allege any facts that might support a First Amendment access-to-courts cause of action with respect to his litigation in *Arresting Officers*, out of an abundance of caution and mindful of the court's obligation to extend special solicitude to *pro se* litigants, I recommend the court grant plaintiff leave to file an amended complaint. For the reasons discussed above in part III.C. of this report, however, I do not recommend plaintiff be granted leave to amend his complaint to include any claims seeking prospective injunctive relief against defendants DOCCS, Martucello, and Shanley.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's complaint alleges that defendants denied him access to certain legal materials, the law library, and to a notary in connection with another pending lawsuit filed by him in the Southern District of New York. The complaint fails to include, however, any allegations that plaintiff suffered an actual injury from defendants' conduct. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 25) be GRANTED and plaintiff's complaint be DISMISSED, with leave to replead, except as to his request for prospective injunctive relief, within thirty days of any decision adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

---

[3]   If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     October 20, 2017
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

14