**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TAYE LAMONTE ELLEBY,**

                             **Plaintiff,**

  vs.                                              **9:16-cv-1335**
                                                       **(MAD/DEP)**

**MARTUCELLO,** _Superintendent_, _Coxsackie_
_Correctional Facility_**; CAPTAIN SHANLEY,**
_DDS_, _Coxsackie Correctional Facility_**; and D.O.C.,**
_Department of Corrections, New York State_,

                             **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**TAYE LAMONTE ELLEBY**
14-A-1409
Elmira Correctional Facility
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**         **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    _Pro se_ Plaintiff Taye Lamonte Elleby, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on November 8, 2016, asserting claims arising out of his confinement at Coxsackie Correctional Facility ("Coxsackie C.F.").  _See_ Dkt. No. 1.

On June 15, 2017, Defendants filed a Motion to Dismiss for Failure to State a Claim asserting Plaintiff has not alleged an actual injury, Defendants are immune from this ligation, and injunctive relief is barred by the Eleventh Amendment. *See* Dkt. No. 25 at 1–3. Magistrate Judge Peebles issued a Report and Recommendation dated October 20, 2017, recommending the Court grant Defendants' motion and dismiss Plaintiff's complaint with leave to amend, excluding, however, Plaintiff's claim for injunctive relief. *See* Dkt. No. 39 at 13. Currently before the Court are Plaintiff's objections to Magistrate Judge Peebles' Report and Recommendation.

## II. BACKGROUND

Since neither party objected to Magistrate Judge Peebles' recitation of the relevant background facts, and because it is consistent with the record, the Court adopts the factual background set forth in Magistrate Judge Peebles' Order and Report-Recommendation. *See* Dkt. No. 36 at 9-10

## III. DISCUSSION

**A.    Standard**

When specific objections to a magistrate judge's report-recommendation and order are made, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "General or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citing *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008)) (other citation omitted). Upon review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A litigant's failure to file objections to a magistrate

2

judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.    First Amendment Claim**

To successfully pursue a claim alleging denial of access to the courts, the plaintiff must demonstrate that the defendant's "deliberate and malicious" acts caused the plaintiff "actual injury."  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citations omitted).  While actual injury is often "apparent on the face" of the complaint, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996).  To establish an actual injury, the plaintiff must demonstrate that the defendant "hindered his efforts to pursue a legal claim."  *Id*. at 351.

4

Plaintiff asserts Magistrate Judge Peebles erred by failing to recognize Plaintiff's prolonged suspension from the law library and library materials as an "actual injury" *per se*. *See* Dkt. No. 40 at 2, 5. While this Court applies a lenient standard to *pro se* litigants, Plaintiff must still assert facts demonstrating that he is entitled to relief. Plaintiff has failed to do so. Even construing Plaintiff's claim liberally, Plaintiff does not assert in any way that Plaintiff had a "nonfrivolous legal claim" that "ha[s] been frustrated or was being impeded." *Lewis*, 518 U.S. at 353. Plaintiff merely makes the bald assertion that he has a constitutional right to study the law free from regulations by Defendants. *See* Dkt. No. 40 at 2. However, the Supreme Court has rejected such an assertion, stating "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351.

No where does Plaintiff assert any prejudice suffered as a result of Defendants' conduct. The mere presence of a pending court case at the time Plaintiff was denied access to the law library and materials does not constitute an actual injury. Further, Magistrate Judge Peebles correctly notes that Plaintiff was denied access *after* filing his claim. Dkt. No. 39 at 10. Plaintiff was able to file his complaint and timely respond to four separate court orders without said materials. *See id.* While Plaintiff possibly could have suffered actual injury by dismissal of his original complaint, this is not the case. Plaintiff's complaint was dismissed for suing defendants immune from suit and could not be cured by amendment and providing Plaintiff access to legal materials would not have altered that result. *See Elleby v. Arresting Officers, et al.,* No. 16-cv-3675, Dkt. No. 25 at \*6 (S.D.N.Y. filed June 7, 2017). The complaint filed in the Southern District matter was described as "nearly incomprehensible," was rejected as frivolous, and dismissed with prejudice. *Id*. at \*2, 6. As such, the Court finds that Magistrate Judge Peebles correctly determined that this claim should be dismissed.

5

Courts should typically grant *pro se* plaintiffs an opportunity to amend a complaint; however, "[w]here a proposed amendment would be futile, leave to amend need not be given." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc*., 106 F.3d 11, 18 (2d Cir. 1997)).  Although the Court has serious doubts that Plaintiff can state a nonfrivolous claim, in light of his *pro se* status, the Court will grant Plaintiff leave to amend.

## C.     Injunctive Relief

Plaintiff does not assert any objections against Magistrate Judge Peebles' recommendation to dismiss Plaintiff's claim against DOCCS and to deny his request for injunctive relief against all Defendants.  Having reviewed Magistrate Judge Peebles' recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly determined that the claims should be dismissed with prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, Magistrate Judge Peebles' Report and Recommendation and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 39) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for to dismiss (Dkt. No. 25) is **GRANTED;** and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** with leave to replead, except as to his request for prospective injunctive relief, within **THIRTY (30) DAYS** of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the filing of this Memorandum-Decision and Order, the Clerk of the Court is directed to enter judgment in Defendants' favor and close this case, without further order from the Court; and the Court further

**ORDERS** the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 29, 2018
Albany, New York

Mae A. D'Agostino
U.S. District Judge