**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TAYE LAMONTE ELLEBY,**

                            **Plaintiff,**

    vs.                                                                  **9:16-CV-1335
                                                                                      (MAD/DEP)**

**MARTUCELLO,** _Superintendent, Coxsackie
Correctional Facility_ and **CAPTAIN SHANLEY,**
_DDS, Coxsackie Correctional Facility_**,**

                            **Defendants.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**TAYE LAMONTE ELLEBY**
14-A-1409
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff, _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action _pro se_ on November 8, 2016, asserting claims arising out of his confinement at Coxsackie Correctional Facility ("Coxsackie"). _See_ Dkt. No. 1. On January 29, 2018, the Court adopted in its entirety Magistrate Judge Peebles' recommendation that Plaintiff's complaint be dismissed with leave to amend. _See_ Dkt. No. 41. On February 5, 2018, Plaintiff filed an amended complaint. _See_ Dkt. No. 42. Defendants submitted a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. _See_ Dkt. No. 43.

In a June 18, 2018 Report and Recommendation, Magistrate Judge Peebles recommended that Defendants' motion be granted and that Plaintiff's amended complaint be dismissed without

leave to amend. *See* Dkt. No. 46 at 25. Neither party has filed objections to the Report and Recommendation. For the following reasons, the Court adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

Since neither party objected to Magistrate Judge Peebles' recitation of the relevant background facts, and because it is consistent with the record, the Court adopts the factual background set forth in Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 46.

## III. DISCUSSION

**A.     Standard**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations

3

for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     First Amendment Court Access Claim**

Defendants assert that Plaintiff's complaint fails to state a claim under the First Amendment because Plaintiff failed to allege any facts suggesting that he suffered any prejudice as a result of the alleged interference. *See* Dkt. No. 43-1 at 7.

To successfully pursue a claim alleging denial of access to the courts, the plaintiff must demonstrate that the defendant's "deliberate and malicious" acts caused the plaintiff "actual injury." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citations omitted). "To succeed on an access-to-court claim, a plaintiff must demonstrate 'actual injury' by proving that the denial of access "hindered his efforts" to pursue a non-frivolous legal claim." *Whitfield v. Imperatrice*, 477 Fed. Appx. 806, 808 (2d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).

In his amended complaint, Plaintiff alleges that he needed to access the Uniform Commercial Code as part of his preparations for a lawsuit pending in the Southern District of New York. *See* Dkt. No. 42 at 2. Upon review of the docket for the cited matter, the Court notes that Plaintiff's complaint was dismissed as frivolous on June 7, 2017. *See Elleby v. The Arresting Officers*, No. 16-CV-3675, Dkt. No. 25 (S.D.N.Y.). With respect to the other case that Plaintiff makes mention of— *Elleby v. Doe, et al*—that action was settled in Plaintiff's favor in October of 2016. *See Elleby v. Doe*, No. 14-CV-1436, Dkt. No. 125 (S.D.N.Y.). Because Plaintiff has failed to allege facts suggesting that Defendants interfered with his right to access legal materials in the

4

pursuit of a valid cause of action, the Court finds that Magistrate Judge Peebles correctly recommended that Plaintiff's First Amendment claim should be dismissed.

**C.    Procedural Due Process Claim**

In his amended complaint, Plaintiff alleges that his right to procedural due process was violated based on the imposition of a cumulative sentence of ninety days confinement in the SHU. *See* Dkt. No. 42 at 6. Magistrate Judge Peebles recommended that Plaintiff's procedural due process claim be dismissed. *See* Dkt. No. 46 at 17.

The Due Process Clause of the Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. It is important to emphasize that due process "does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished without due process of the law." *Baker v. McCollan*, 443 U.S. 137, 145 (1979) (internal quotation and citations omitted). "A liberty interest may arise from the Constitution itself, . . . or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). An inmate retains a protected liberty interest in remaining free from segregated confinement if the prisoner can satisfy the standard set forth in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

"The Supreme Court has established that '[w]e examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) (quoting *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908, 104 L. Ed. 2d 506 (1989)). The Court notes that Plaintiff was sentenced to 90 days in SHU

5

which, without additional allegations, is insufficient to establish that he suffered from an atypical and significant confinement as required by *Sandin*. *See* Dkt. No. 42 at 3; *see also Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) (citation omitted). Further, Plaintiff does not allege that the conditions in which he was kept were more onerous than normal SHU conditions. Because Plaintiff fails to allege that he suffered from an atypical and significant confinement, Magistrate Judge Peebles correctly found Plaintiff's due process claim should be dismissed.

**D.     Equal Protection**

In light of Plaintiff's *pro se* status, Magistrate Judge Peebles liberally construed Plaintiff's complaint to include an equal protection claim. *See* Dkt. No. 46 at 18. Specifically, Plaintiff states "[o]ther inmates had been locked up numerous times for UCC and received less time than 90 [days] for possessing [the] UCC."

The Equal Protection Clause provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). Governmental action may also violate the Equal Protection Clause where the defendants intentionally treat the plaintiff "differently from others with no rational basis for the difference in treatment." *Id*. (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Thus, a plaintiff asserting an equal protection

6

claim must prove that (1) he was treated differently from similarly situated individuals; and (2) the defendants treated him differently due to his membership in a suspect class, inhibited his exercise of a fundamental right,[1] acted out of malice, or acted irrationally and arbitrarily.

In the present matter, Plaintiff has failed to allege facts to support the claim that he is a member of a protected class or a class-of-one for the purposes of an equal protection claim. *See United States v. Ulloa*, 511 Fed. Appx. 105, 106 n.1 (2d Cir. 2013); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Therefore, Magistrate Judge Peebles correctly recommended that Plaintiff's equal protection claim be dismissed.

**E.     Cruel and Unusual Punishment/Deliberate Indifference**

Plaintiff's amended complaint makes reference to claims arising from the Eighth Amendment. *See* Dkt. No. 42 at 5. However, Plaintiff does not allege any facts relating to the conditions of his confinement or any instances of deliberate indifference that could form the basis of an Eighth Amendment action. Therefore, Magistrate Judge Peebles correctly recommended that any Eighth Amendment claim that could be liberally construed from Plaintiff's complaint be dismissed.

**F.     Amendment of Complaint**

As a general matter, "'the district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion.'" *Shomo*

---

[1] The fundamental rights protected by the Equal Protection Clause, as identified by the United States Supreme Court, fall into six substantive categories: (1) the right to freedom of association; (2) the right to vote; (3) the right to interstate travel; (4) the right to fairness in the criminal process (which includes the right to counsel and the right of access to the courts); (5) the right to procedural due process; and (6) the right to privacy "which includes various forms of freedom of choice in matters relating to the individual's personal life" such as freedom of choice in marital decisions, child bearing, and child rearing. 2 Ronald D. Rotunda & John E. Nowak, Treatise On Constitutional Law Substance and Procedure, § 15.7 (4th ed. 2010).

*v. New York*, 374 Fed. Appx. 180, 182 (2d Cir. 2010) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). However, because "[a] *pro se* complaint is to be read liberally . . . the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco*, 222 F.3d at 112 (citation and internal quotation marks omitted).

In the present matter, Magistrate Judge Peebles correctly determined that Plaintiff has failed to plausibly allege a factual basis to his claims. Despite an opportunity to remedy the failings of his complaint, Plaintiff has failed to allege facts that plausibly suggest any unconstitutional conduct by Defendants. Therefore, the Court finds that Magistrate Judge Peebles correctly recommended that Plaintiff should not be provided another opportunity to amend his complaint.

## IV. CONCLUSION

After careful consideration of Magistrate Judge Peebles' Report and Recommendation and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 46) is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's complaint in this action is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 9, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge